**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES G. GRAY, CAPT., MC, USN (RET.),<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Civil No. 05cv1893 J (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO RETAX COSTS.** |

Before the Court is Plaintiff Charles G. Gray's ("Plaintiff") Motion to Retax Costs ("Motion"). [Doc. No. 56.] Defendant United States of America ("Defendant") has filed an Opposition to Plaintiff's Motion. [Doc. No. 58.] For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Retax Costs.

*Background*

On October 12, 2005, Plaintiff brought a Federal Tort Claims Act ("FTCA") action against Defendant with regards to injuries allegedly obtained from sinus surgery. [Doc. No. 2.] Plaintiff alleged that the procedure was performed without the required informed consent, the procedure was performed in a negligent manner, the procedure was performed without an adequate trial of other less invasive methods, and that the post operative care was below the standard of care. (*See id.*) Plaintiff further alleged that he suffered both economic and non-

1

economic damages as a result of the alleged deviations from the standard of care and negligence. (*See id*.) The case was tried by the Court without a jury from April 24, 2007 to May 1, 2007. [Doc. No. 45.] On June 1, 2007, this Court found in favor of the Defendant. [Doc. No. 49.]

On June 14, 2007, Defendant filed a Bill of Costs, requesting this Court to tax $5,639.54 in costs that Defendant incurred in the litigation. [Doc. No. 52.] On June 29, 2007, Plaintiff filed an Objection to Defendant's Bill of Costs asking the Court to deny or reduce the Bill of Costs because of the "modest means" of Plaintiff. [Doc. No. 54.] On July 5, 2007, the Clerk for the District Court held a hearing on Defendant's Bill of Costs. (*See* Order Taxing Costs at 1.) On July 18, 2007, the Clerk issued an Order Taxing Costs, awarding Defendant $5,589.84. (Order Taxing Costs at 2.)

Before the Court is Plaintiff's Motion to Retax the costs granted in the Order Taxing Costs. This Motion is filed pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1(h).

## *Legal Standard*

Federal Rules of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Local Rules provide that the costs claimed by the prevailing party must be allowable by law, correctly stated, and necessarily incurred. *See* S.D. Cal. Civ. R. 54.1(a)(2005). Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded. *See Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003); *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999). It is within the discretion of the district court to refuse to award costs. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 1999).

///
///
///
///

If a district court elects not to award costs, the court must "specify reasons" for its refusal to tax costs to the losing party. *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). In other words, the court must "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs" to the prevailing party. *Champion Produce*, 342 F.3d at 1022. The Ninth Circuit has held that appropriate reasons for refusing to award costs to the prevailing party include: (1) a losing party's limited financial resources, (2) misconduct by the prevailing party, and (3) "the chilling effect of imposing such high costs on future civil rights litigants." *Mexican-American Educators*, 231 F.3d at 592.

## *Discussion*

Plaintiff argues that the Court should retax costs in consideration of his financial status because requiring him to pay costs from his pension income would be unjust and inequitable. (*See* Mot. at 2.) Plaintiff cites the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as support for his contention that the costs of litigation should be retaxed. The EAJA, however, excludes tort cases from its rule. The rule states that ". . . a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (*other than cases sounding in tort*) . . ." (emphasis added). 28 U.S.C. §2412(d)(1)(A); *see also Andrews v. United States*, 122 F.3d 1367, 1374 (11th Cir. 1997) (holding that the EAJA specifically excludes recovery for fees and costs expended on tort claims). Accordingly, Plaintiff cannot assert a claim under EAJA to retax costs associated with his tort litigation.

Additionally, *Champion Produce* requires the Court to show why Plaintiff's case is not ordinary in order to retax costs. *See Champion Produce*, 342 F.3d at 1022. Plaintiff has not provided any documentation to support his inability to pay. Further, Defendant argues that Plaintiff receives an income of $60,000 per year and recently completed a house remodeling project that costs approximately $250,000. [Doc. No. 58.] In the absence of evidence from

///

///

Plaintiff to the contrary, $5,589.84 is a manageable amount for the defendant to pay for his tort litigation.  As a result, Plaintiff has failed to provide evidence that his case is not ordinary for purposes of retaxing costs.

### *Conclusion*

Plaintiff has failed to provide sufficient evidence to overcome the presumption that Defendant is entitled to its costs as the prevailing party.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Retax Costs.

**IT IS SO ORDERED.**

DATED: September 25, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Major
    All Counsel of Record